IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BOSE CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>LIGHTSPEED AVIATION, INC.,<br><br>          Defendant. | Civil Action No. |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Bose Corporation ("Bose") hereby pleads the following claims for Declaratory Judgment against Defendant Lightspeed Aviation, Inc. ("Lightspeed"), and alleges as follows:

## PARTIES

1.     Plaintiff Bose Corporation ("Bose") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at The Mountain, Framingham, Massachusetts, within this judicial district.

2.     Defendant Lightspeed Aviation, Inc. ("Lightspeed") is, upon information and belief, a corporation organized and existing under the laws of Oregon having a place of business at 6135 SW Jean Road, Lake Oswego, Oregon and does business in Massachusetts.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35

U.S.C. § 101, *et seq*. Bose seeks a declaration from the Court that Lightspeed's U.S. Patent No. 7,215,766 ("'766 Patent") is not infringed and is invalid.

4. The Court has personal jurisdiction over Lightspeed because Lightspeed has done and is doing business in this state.

5. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Lightspeed is subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims occurred in this district.

## GENERAL ALLEGATIONS

6. On July 31, 2002, Lightspeed sued Bose in the U.S. District Court for the District of Oregon, Civil Action No. 3:02-01021-KI, alleging that Bose was infringing Lightspeed's purported rights to the "QUIET COMFORT" trademark. This action was filed against Bose with no forewarning and no attempt at settlement. The parties settled that lawsuit in December 2002.

7. On August 31, 2005, Lightspeed sued Bose in the U.S. District Court for the District of Oregon, Civil Action No. 3:05-01341-AS, alleging that Bose was infringing Lightspeed's U.S. Patent No. 6,704,428. Again, this suit was filed against Bose with no forewarning and no attempt at settlement. The parties settled this lawsuit in April 2006.

8. On March 17, 2008, Lightspeed sued Sennheiser Electronic Corporation ("Sennheiser") in the U.S. District Court for the District of Oregon, Civil Action No. 3:08-0333-KI, alleging that Sennheiser was infringing Lightspeed's '766 Patent (the subject patent of this Complaint).

9. Upon information and belief, Lightspeed has asserted or threatened to assert the '766 Patent against at least two other manufacturers of aviation headsets.

10. On February 13, 2009, Bose filed suit against Lightspeed in the U.S. District Court for the District of Massachusetts, Civil Action No. 1:09-cv-10222-WGY, alleging that Lightspeed was infringing Bose's U.S. Patent No. 5,181,252. Lightspeed counter-sued Bose for various claims including breach of contract. This litigation is ongoing, with trial scheduled for September 2010.

11. On March 3, 2010, in retaliation for the suit described in paragraph 10, Lightspeed filed a *qui tam* cause of action against Bose in the U.S. District Court for the District of Oregon, Civil Action No. 10-239-BR, alleging false patent marking. This litigation is ongoing.

12. On May 11, 2010, Bose filed a request for reexamination regarding the '766 Patent with the United States Patent and Trademark Office ("PTO"). The PTO has not yet determined whether to reexamine the validity of the '766 Patent. By statute, the PTO has until August 11, 2010, to make such a determination.

13. The '766 Patent (included herewith as Exhibit A) issued on May 8, 2007, and is generally directed to audio headsets having a boom microphone and multiple inputs for coupling to two-way radios, cellular phones, and personal music players. On information and belief, Lightspeed is the current assignee of the '766 Patent.

14. On July 10, 2007, during a telephone conversation between Bose's General Manager of the Noise Reduction Technology Group, Sean Garrett, and Lightspeed's President, Allan Schrader, Mr. Schrader specifically directed Mr. Garrett's attention to the '766 Patent, which had recently issued.

15. Given all the circumstances, there is an actual and substantial controversy between parties of sufficient immediacy and reality to warrant the issuance of a declaratory

judgment. The Bose A20 Aviation Headset is a communication headset that is capable of receiving audio from various sources, and which Bose will offer to the public on July 26, 2010. Bose has a reasonable apprehension that Lightspeed will file suit against it imminently for allegedly infringing the '766 Patent. Bose's reasonable apprehension derives, in part, from Lightspeed's history of suing Bose, the pending litigations between the parties and Lightspeed's history of retaliatory activity, and Lightspeed's prior assertion of the '766 Patent against Sennheiser and other headset manufacturers.

16. Accordingly, there is an actual and justiciable controversy between the parties concerning whether any acts by Bose constitute infringement of the '766 Patent and whether the '766 Patent is valid.

17. Bose denies that the Bose A20 Aviation Headset infringes any valid and enforceable claim of the '766 Patent.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief Regarding Noninfringement

18. Bose incorporates herein the allegations of paragraphs 1-17.

19. An actual and justiciable controversy exists between Plaintiff Bose and Defendant Lightspeed as to infringement of the '766 Patent, which is evidenced by Lightspeed's conduct in other litigations against Bose, Lightspeed's communications with Bose, the prior litigation Lightspeed filed against Sennheiser concerning the '766 Patent, and by Bose's allegations herein.

20. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Bose requests the declaration of the Court that Bose and the Bose A20 Aviation Headset do not infringe and have not infringed any claim of the '766 Patent.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Regarding Invalidity

21.     Bose incorporates herein the allegations of paragraphs 1-20.

22.     An actual and justiciable controversy exists between Plaintiff Bose and Defendant Lightspeed as to invalidity of the '766 Patent, which is evidenced by Lightspeed's conduct in other litigations against Bose, Lightspeed's communications with Bose, the prior litigation Lightspeed filed against Sennheiser concerning the '766 Patent, the pending reexamination request concerning the '766 Patent, and by Bose's allegations herein.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Bose requests the declaration of the Court that the claims of the '766 Patent are invalid under the Patent Act, 35 U.S.C. § 101, *et seq.*, including, but not limited to, sections 102, 103, and/or 112.

## EXCEPTIONAL CASE

24.     This case is exceptional against Lightspeed under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Bose prays for judgment as follows:

(1)     That Bose does not infringe and has not infringed, directly or indirectly, the '766 Patent;

(2)     That the Bose A20 Aviation Headset does not infringe and has not infringed, directly or indirectly, the '766 Patent;

(3)     That the claims of the '766 Patent are invalid;

(4) That Lightspeed, and all persons acting on its behalf or in concert with it, be permanently enjoined and restrained from charging, orally or in writing, that the '766 Patent is infringed, directly or indirectly, by Bose or the Bose A20 Aviation Headset;

(5) That Bose be awarded its costs, expenses, and reasonable attorney fees in this action; and

(6) That Bose be awarded such other and further relief as the Court may deem appropriate.

Respectfully submitted,

FISH & RICHARDSON P.C.

Dated: July 23, 2010

By: /s/ Charles Hieken
Charles Hieken (233,640)
FISH & RICHARDSON, P.C.
225 Franklin Street
Boston, MA 02110-2804
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Of counsel:

Juanita R. Brooks
FISH & RICHARDSON P.C.
12390 El Camino Real
San Diego, CA 92130
Telephone: (858) 678-5070
Facsimile: (858) 678-5099

Andrew R. Kopsidas
Steven A. Bowers
FISH & RICHARDSON P.C.
1425 K Street, N.W., 11th Fl.
Washington, D.C. 20005
Telephone: (202) 783-5070
Facsimile: (202) 783-2331

Attorneys for Plaintiff
BOSE CORPORATION