UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BOSE CORPORATION,

        Plaintiff,

v.

LIGHTSPEED AVIATION, INC.,

        Defendant.

Case No. 1:10-CV-11241-GAO

# ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND

For its Answer to Plaintiff's Complaint, defendant Lightspeed Aviation, Inc. ("Lightspeed") states as follows:

1. Plaintiff Bose Corporation ("Bose") is a corporation organized and existing under the laws of the State of Delaware and having a principal place of business at The Mountain, Framingham, Massachusetts, within this judicial district.

**ANSWER**: Lightspeed is without sufficient knowledge to form a belief as to the truth of this allegation and therefore denies same.

2. Defendant Lightspeed Aviation, Inc. ("Lightspeed") is, upon information and belief, a corporation organized and existing under the laws of Oregon having a place of business at 6135 SW Jean Road, Lake Oswego, Oregon, and does business in Massachusetts.



**ANSWER**:   Lightspeed admits that it is a corporation organized and existing under the laws of Oregon having a place of business at 6135 SW Jean Road, Lake Oswego, Oregon, but denies the remaining allegations of this paragraph.

3.   The Court has subject matter jurisdiction over this action and the matters pleaded herein under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Act of the United States, 35 U.S.C. § 101, *et seq*.  Bose seeks a declaration from the Court that Lightspeed's U.S. Patent No. 7,215,766 ("'766 Patent") is not infringed and in invalid.

**ANSWER**:   Admitted that Bose seeks a declaration, otherwise denied.

4.   The Court has personal jurisdiction over Lightspeed because Lightspeed has done and is doing business in this state.

**ANSWER**:   Not contested for this case.

5.   Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. §§ 1391 and 1400(b) because Lightspeed is subject to personal jurisdiction in this district and because a substantial part of the events giving rise to the claims occurred in this district.

**ANSWER**:   Not contested for this case.

6.   On July 31, 2002, Lightspeed sued Bose in the U.S. District Court for the District of Oregon, Civil Action No. 3:02-01021-KI, alleging that Bose was infringing Lightspeed's purported rights to the "QUIET COMFORT" trademark.  This action was filed against Bose with no forewarning and no attempt at settlement.  The parties settled that lawsuit in December 2002.



**ANSWER**:   Admitted in part and denied in part.  Admitted that Lightspeed filed suit and that the case was settled.  The remainder is denied.

7. On August 31, 2005, Lightspeed sued Bose in the U.S. District Court for the District of Oregon, Civil Action No. 3:05-01341-AS, alleging that Bose was infringing Lightspeed's U.S. Patent No. 6,704,428.  Again, this suit was filed against Bose with no forewarning and no attempt at settlement. The parties settled this lawsuit in April 2006.

**ANSWER**:   Admitted in part and denied in part.  Admitted that Lightspeed filed suit and that the case was settled.  Lightspeed denies the remaining allegations of this paragraph.

8. On March 17, 2008, Lightspeed sued Sennheiser Electronic Corporation ("Sennheiser") in the U.S. District Court for the District of Oregon, Civil Action No. 3:08-0333-KI, alleging that Sennheiser was infringing Lightspeed's '766 Patent (the subject patent of this Complaint).

**ANSWER**:   Admitted.

9. Upon information and belief, Lightspeed has asserted or threatened to assert the '766 Patent against at least two other manufacturers of aviation headsets.

**ANSWER**:   Lightspeed is without sufficient knowledge to form a belief as to the truth of this allegation and therefore denies same and leaves Bose to its proofs.

10. On February 13, 2009, Bose filed suit against Lightspeed in the U.S. District Court for the District of Massachusetts, Civil Action No. 1:09-cv-10222-WGY, alleging that Lightspeed was infringing Bose's U.S. Patent No. 5,181,252. Lightspeed counter-sued Bose for

3



various claims including breach of contract. This litigation is ongoing, with trial scheduled for September 2010.

**ANSWER**:   Admitted.

11. On March 3, 2010, in retaliation for the suit described in paragraph 10, Lightspeed filed a *qui tam* cause of action against Bose in the U.S. District Court for the District of Oregon, Civil Action No. 10-239-BR, alleging false patent marking. This litigation is ongoing.

**ANSWER**:   Admitted in part and denied in part.  Admitted that Lightspeed filed suit. Lightspeed denies the remaining allegations of this paragraph.

12. On May 11, 2010, Bose filed a request for reexamination regarding the '766 Patent with the United States Patent and Trademark Office ("PTO").  The PTO has not yet determined whether to reexamine the validity of the '766 Patent.  By statute, the PTO has until August 11, 2010, to make such a determination.

**ANSWER**:   Admitted in part and denied in part. Admitted that Bose filed a request for reexamination, but denies the remaining allegations of this paragraph.

13. The '766 Patent (included herewith as Exhibit A) issued on May 8, 2007, and is generally directed to audio headsets having a boom microphone and multiple inputs for coupling to two-way radios, cellular phones, and personal music players.  On information and belief, Lightspeed is the current assignee of the '766 Patent.

**ANSWER**:   Admitted.



4

14. On July 10, 2007, during a telephone conversation between Bose's General Manager of the Noise Reduction Technology Group, Sean Garrett, and Lightspeed's President, Allan Schrader, Mr. Schrader specifically directed Mr. Garrett's attention to the '766 Patent, which had recently issued.

**ANSWER**:  Admitted.

15. Given all the circumstances, there is an actual and substantial controversy between parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.  The Bose A20 Aviation Headset is a communication headset that is capable of receiving audio from various sources, and which Bose will offer to the public on July 26, 2010.  Bose has a reasonable apprehension that Lightspeed will file suit against it imminently for allegedly infringing the '766 Patent.  Bose's reasonable apprehension derives, in part, from Lightspeed's history of suing Bose, the pending litigations between the parties and Lightspeed's history of retaliatory activity, and Lightspeed's prior assertion of the '766 Patent against Sennheiser and other headset manufacturers.

**ANSWER**:  Admitted in part and denied in part.  When presented, there was no actual controversy, but it is now admitted that there is an actual controversy.  Lightspeed denies the remaining allegations of this paragraph.

16. Accordingly, there is an actual and justifiable controversy between the parties concerning whether any acts by Bose constitute infringement of the '766 Patent and whether the '766 Patent is valid.

**ANSWER**:  Denied when presented, but now admitted, as there is now an actual controversy.



17. An actual and justifiable controversy exists between Plaintiff Bose and Defendant Lightspeed as to infringement of the '766 Patent, which is evidenced by Lightspeed's conduct in other litigations against Bose, Lightspeed's communications with Bose, the prior litigation Lightspeed filed against Sennheiser concerning the '766 Patent, and by Bose's allegations herein.

**ANSWER**: Admitted in part and denied in part. When presented, there was no actual controversy, but it is now admitted that there is an actual controversy. Lightspeed denies the remaining allegations of this paragraph.

18. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* Bose requests the declaration of the Court that Bose and the Bose A20 Aviation Headset do not infringe and have not infringed any claim of the '766 Patent.

**ANSWER**: Denied that Bose is entitled to such a declaration.

19. An actual and justiciable controversy exists between Plaintiff Bose and Defendant Lightspeed as to invalidity of the '766 Patent, which is evidenced by Lightspeed's conduct in other litigations against Bose, Lightspeed's communications with Bose, the prior litigation Lightspeed filed against Sennheiser concerning the '766 Patent, the pending reexamination request concerning the '766 Patent, and by Bose's allegations herein.

**ANSWER**: Admitted in part and denied in part. When presented, there was no actual controversy, but it is now admitted that there is an actual controversy. Lightspeed denies the remaining allegations of this paragraph.



20. This case is exceptional against Lightspeed under 35 U.S.C. § 285.

**ANSWER**:   Denied.

### AFFIRMATIVE DEFENSES

Without admitting any allegations in the Complaint not otherwise admitted, Lightspeed avers and asserts the following affirmative defenses:

### First Affirmative Defense (Failure to State a Claim)

21.   Bose's Complaint fails to state a claim against Lightspeed upon which relief can be granted.

### Second Affirmative Defense (Infringement)

22.   The Bose A20 headset infringes one or more claims of the '766 patent.

### Third Affirmative Defense (No Invalidity)

23.   The '766 patent is not invalid.

### Additional Affirmative Defenses Reserved

24.   Lightspeed reserves any and all additional affirmative defenses available to it under Title 35 U.S.C., or the rules, regulations, and law related thereto, the Federal Rules of Civil Procedure, and the Rules of this Court, or otherwise in law or equity, now existing, or later arising, as may be discovered.



## COUNTERCLAIM

For its counterclaim against Bose, Lightspeed alleges as follows:

## THE PARTIES

1. Lightspeed is an Oregon corporation, having a principal place of business located at 6135 SW Jean Road, Lake Oswego, Oregon 97035. Lightspeed is the assignee of U.S. Patent No.7,215,766 ("the '766 patent").

2. Upon information and belief, Bose is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at The Mountain, Framingham, Massachusetts. Bose manufactures, uses, offers for sale, and sells headsets, including the Bose Model A20 Aviation Headset, that infringes one or more claims of the '766 patent.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

4. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

5. Upon information and belief, Bose regularly and continuously engages in substantial sales and other business transactions in Massachusetts, and has sold infringing products and/or committed infringing acts in this district. The United States District Court for the District of Massachusetts therefore has *in personam* jurisdiction over Bose.



## COUNT I – PATENT INFRINGEMENT

6. On May 8, 2007, U.S. Patent No. 7,215,766 ("the '766 patent"), entitled "Headset With Auxiliary Input Jack(s) For Cell Phone and/or Other Devices" was duly and legally issued.

7. Bose has made, used, offered for sale and sold in the United States, and continues to make, use, offer for sale and sell in the United States one or more headsets and/or other devices, which activities infringe, induce others to infringe, and/or contributorily infringe one or more claims of the '766 patent.

8. Lightspeed has suffered damages, reduced sales and/or lost profits as a result of the infringing activities of Bose, and will continue to suffer such damage as long as those infringing activities continue.

9. Bose's infringement of the '766 patent has been and continues to be willful, wanton, and deliberate, and with full knowledge and awareness of Lightspeed's patent rights and without license from Lightspeed.

10. Lightspeed has no adequate remedy at law. Unless enjoined by this Court, Bose will continue such acts of infringement to Lightspeed's substantial and irreparable damage.

WHEREFORE, Lightspeed respectfully demands that this Court enter judgment:

A. Preliminarily and permanently enjoining and restraining Bose, its officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or in concert with the defendants, from further infringement of the '766 patent;

B. Awarding Lightspeed its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;



   C. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Lightspeed its reasonable attorney's fees and costs and disbursements in this action;

   D. Denying the relief sought by Bose in the Complaint; and

   E. Granting to Lightspeed such other and further relief as this Court deems reasonable.

## JURY DEMAND

  Lightspeed demands a trial by jury on all issues triable by jury in this case.

          Respectfully submitted,

          **BROOKS KUSHMAN P.C.**

Dated: August 27, 2010

          /s/ Mark A. Cantor
          MARK A. CANTOR
          MARC LORELLI
          JOHN S. LeROY
          1000 Town Center, Twenty-Second Floor
          Southfield, Michigan 48075
          Telephone: (248) 358-4400
          Facsimile: (248) 358-3351
          Email: mcantor@brookskushman.com
            mlorelli@brookskushman.com
            jleroy@brookskushman.com

          *Attorneys for Defendant*
          *LIGHTSPEED AVIATION, INC.*



## CERTIFICATE OF ELECTRONIC SERVICE

       I hereby certify that on August 27, 2010, I electronically filed the foregoing **DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, AFFIRMATIVE DEFENSES, COUNTERCLAIM AND JURY DEMAND,** with the Clerk of the Court for the District of Massachusetts using the ECF System which will send notification to the following registered participants of the ECF System as listed on the Court's Notice of Electronic Filing: Steven A. Bowers, Mark A. Cantor, Charles Hieken, Andrew R. Kopsidas, and Marc Lorelli.

       **BROOKS KUSHMAN P.C.**

       /s/ Mark A. Cantor
       MARK A. CANTOR
       MARC LORELLI
       JOHN S. LeROY
       1000 Town Center, Twenty-Second Floor
       Southfield, Michigan 48075
       Telephone: (248) 358-4400
       Facsimile: (248) 358-3351
       Email: mcantor@brookskushman.com
             mlorelli@brookskushman.com
             jleroy@brookskushman.com

       *Attorneys for Defendant*

